IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHERYL A. LYONS,

    Plaintiff

v.                      Case No. 05-4079

JO ANNE B. BARNHART,
Commissioner of the Social
Security Administration,                  Defendant

**MEMORANDUM OPINION**

Plaintiff Sheryl A. Lyons ("Plaintiff") seeks judicial review of the Commissioner's denial of her request for disability insurance benefits and supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*, as amended and Title II, 42 U.S.C. § 401 *et seq*. Plaintiff has exhausted all administrative remedies, and therefore, pursuant to 42 U.S.C. § 405(g), judicial review is appropriate. After reviewing the record, the Court AFFIRMS the decision of the Commissioner.[1]

### I. Background

The complete facts and arguments are presented in the parties' briefs, and will be duplicated only to the extent necessary. Additionally, the Administrative Law Judge's ("ALJ") decision within the administrative record sets forth her findings and it will not be repeated except to the extent necessary to address Plaintiff's arguments.

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

## II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's

2

decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are (1) whether the claimant is currently engaging in "substantial gainful activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4) whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

## III. Analysis

Plaintiff alleges one point of error by the ALJ. Specifically, Plaintiff contends the ALJ improperly determined Plaintiff's RFC by not considering Plaintiff's subjective complaint of having only the capacity to sit or stand for four hours in an eight hour workday.

The ALJ's RFC determination was that Plaintiff had the capacity to occasionally lift 20 pounds, stand six hours out of an eight hour day; sit eight hours of an eight hour day; occasionally climb, balance, stoop, crouch, kneel, and crawl; frequently reach and handle; had no impairment in the ability to feel and could perform no work at heights or around moving machinery. Plaintiff testified she was only able to sit for four hours of an eight hour workday, but cites no medical evidence in support of this and relies solely on her subjective complaints for support of a four hour sitting limitation.

The ALJ found the subjective allegations by the Plaintiff, including her limitation on the amount of sitting in a workday, to not be fully credible and not borne out by the overall record. First, the ALJ noted that the medical evidence did not support Plaintiff's subjective complaints of pain. Second, Plaintiff's daily activities, including doing the laundry, dishes, changing sheets, vacuuming and sweeping, doing garden work, preparing meals, attending church, watching television, reading and visiting friends

and relatives did not support her subjective complaints of pain. Third, the ALJ noted that Plaintiff had a history of failing to follow up with medical treatment, appointments, or use prescribed medication. *See Dunahoo v. Apfel*, 241 F.3d 1033, 1037 (8th Cir. 2001) (failure to receive follow up treatment fails to support subjective complaints); *Novotny v. Chater*, 72 F.2d 669, 670 (8th Cir. 1995) (failure to seek regular or sustained medical treatment contradicts subjective complaints of pain). Fourth, the ALJ found Plaintiff's conflicting statements regarding her use of marijuana detracted from her credibility. The ALJ articulated the inconsistencies in discrediting the Plaintiff's subjective complaints and these credibility findings were supported by substantial evidence. The ALJ properly determined the Plaintiff's credibility and rejected Plaintiff's subjective complaint of only being able to sit four hours in an eight hour workday.

Additionally, the ALJ's RFC is consistent with the report of Dr. Sharma. Plaintiff raises no objection to this report or its validity and presents no conflicting medical report. Given the ALJ's proper credibility findings, the RFC is supported by the evidence as a whole.

### IV. CONCLUSION

For the foregoing reasons, the decision of the ALJ is supported by the substantial evidence of the record as a whole and is **AFFIRMED**. Plaintiff's case is **DISMISSED WITH PREJUDICE.**

5

**IT IS SO ORDERED.**

DATE: November 2, 2006

                                          /s/ Robert T. Dawson
                                          HONORABLE ROBERT T. DAWSON
                                          UNITED STATES DISTRICT COURT JUDGE